UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kristina N.,

          Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner
of the Social Security Administration,

          Defendant.

Case No. 22-cv-3075 (WMW/DTS)

**ORDER**

---

This matter is before the Court on the parties' cross-motions for judgment on the administrative record.[1] (Dkts. 14, 16.) For the reasons addressed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

Plaintiff Kristina N.[2] filed applications for Disability Insurance and Supplemental Security Income benefits on November 29, 2019. Admin. Rec. (Dkt. 13) at 312-13, 319-22. Plaintiff alleged that she became disabled and unable to work as of April 1, 2012, as a result of bipolar disorder, post-traumatic stress disorder ("PTSD"), anxiety, depression and

---

[1] Pursuant to the newly enacted Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supp. Rules"), the parties may present a Social Security action for decision by filing a "brief" rather than a motion for summary judgment. Supp. Rule 5. Plaintiff filed such a brief seeking judgment on the administrative record, and the Court characterizes her request as a motion for that relief.

[2] It is the policy of this District to use only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

"Bi polar depression." *Id.* at 361. At the time of her application, Plaintiff was 31 years old.

For purposes of Social Security disability benefits, an individual is considered disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If that requirement is satisfied, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.*

§ 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  At step four, the claimant bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work.  *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work that exists in a significant number of jobs in the national economy.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's applications for benefits were denied initially and on reconsideration. Admin. Rec. at 90, 92, 170, 171.  In September 2021, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's applications.  *Id.* at 39-89.  Plaintiff testified at this hearing and was represented by an attorney.  After the hearing, the ALJ determined that Plaintiff has multiple severe impairments: bipolar disorder, other depressive disorder/premenstrual dysphoric disorder, anxiety disorder, cluster B personality disorder, intermittent explosive disorder, and post-traumatic stress disorder.  *Id.* at 19.  The ALJ found, however, that none of these impairments, either alone or in combination, meets or medically equals any of the listed impairments.  *Id.* at 19-24.  The ALJ determined that Plaintiff has the capacity for a full range of work with some non-exertional restrictions, including that she can only understand, remember and apply simple instructions, can respond to occasional simple succinct interactions with the public, coworkers and

supervisors, and can respond to routine changes in a work setting. *Id.* at 24. Although Plaintiff has no past relevant work, the ALJ determined that there are jobs that Plaintiff can perform in the national economy. *Id.* at 32-33. For this reason, the ALJ concluded that Plaintiff is not disabled. *Id.* at 33. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## ANALYSIS

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff contends that the ALJ erred in failing to incorporate restrictions imposed by the opinions of two agency consulting mental-health professionals and failed to sufficiently evaluate the supportability and consistency of those opinions.

4

### I. Mental-Functioning Limitations

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not incorporate into the RFC all limitations from two agency consultants' opinions despite finding those opinions persuasive. First, according to Plaintiff, Dr. Kiela Bolden opined that Plaintiff has moderate limitations in concentration, persistence and pace, but the ALJ did not include any such limitations in the RFC. Admin. Rec. at 105-06, 121-22. Second, both Dr. Bolden and Dr. Marci Mylan determined that Plaintiff would be moderately limited in her ability to maintain regular attendance and perform at a consistent pace without breaks, *id.* at 141-43, 162-65, but the ALJ similarly did not include those limitations in the RFC. Another agency psychologist, Dr. Jay Phillip, also opined that Plaintiff would miss several days of work per month and that her persistence was low. Admin. Rec. at 802. Remand is warranted, Plaintiff contends, because the ALJ failed to articulate his reasons for not including these limitations in Plaintiff's RFC, and these limitations would have required the ALJ to find Plaintiff disabled.

An ALJ is responsible for determining a claimant's limitations. *See* 20 C.F.R. § 404.1546(c); *see also Mark S. v. Saul*, No. 18-cv-02936, 2020 WL 1043795, at *7 (D. Minn. Mar. 4, 2020) ("The ALJ is responsible for assessing a claimant's RFC."). But the ALJ "is not required to adopt all limitations proposed by [expert reviewers]—even if the ALJ has accorded that [expert's] opinion substantial weight." *Id.* at *6. Rather, the RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).

5

The ALJ generally adopted the restrictions Dr. Bolden and Dr. Mylan imposed, but noted that neither opinion fully quantified Plaintiff's restrictions in "programmatic terms," as the RFC analysis required him to do. Admin. Rec. at 31. The ALJ merely restated those opinions to better comport with the RFC requirements. *Id.* The ALJ determined that Plaintiff can understand, remember and apply only simple instructions. This determination is not in tension with Dr. Bolden's opinion that Plaintiff has moderate limitations in concentration, persistence and pace. *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) ("Moderate difficulties in [a claimant's concentration, persistence and pace] are consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks.").

The ALJ's conclusion that Plaintiff can carry out tasks in a timely fashion is similarly not contrary to the opinions of Dr. Bolden and Dr. Mylan. Both consultants specifically noted that Plaintiff's claims regarding her inability to maintain a consistent pace are inconsistent with her activities of daily living. Admin. Rec. at 121, 141. Plaintiff insists that by imposing moderate limitations on Plaintiff's ability to complete a normal workday and perform at a pace, these agency consultants meant that she would be unable to sustain the pace of a job. But the opinions say no such thing. A moderate limitation is not impossibility, it is some difficulty with that area of functioning.

The ALJ addressed Plaintiff's ability to maintain pace, finding that her claims of extreme difficulties in this area "are not supported by the limited and conservative course of treatment, good findings, or higher level of daily activities in the overall record." *Id.* at 30. And the ALJ specifically found Dr. Phillippi's opinion that Plaintiff would miss several

6

days of work a month was not supported by the record and that Dr. Phillippi's opinions were not persuasive. *Id.* at 31. It would have been erroneous for the ALJ to include such restrictive limitations in the RFC after concluding that the only opinion supporting those limitations was unpersuasive.

The RFC is supported by substantial evidence, and Plaintiff's challenge to the RRC fails.

## II.    Evaluation of Opinion Evidence

Plaintiff next argues that the ALJ did not properly evaluate the opinions of Dr. Bolden, Dr. Mylan and Dr. Phillipi. Plaintiff contends that, while the ALJ briefly addressed the supportability and consistency of these opinions, the ALJ's analysis is not sufficiently detailed to allow for "meaningful review." (Dkt. 14 at 17.)

The regulations require the ALJ to "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). The regulations further provide that the ALJ "will explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ, however, need not "explicitly reconcile every conflicting shred of medical evidence." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up). And "[n]o

7

talismanic language is required for the ALJ to meet the requirements of § 404.1520c, only that the ALJ make it clear that they considered the supportability and consistency of an opinion." *Mario O. v. Kijakazi*, No. 21-cv-2469 (NEB/ECW), 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), *R. & R. adopted by* 2023 WL 136590 (D. Minn. Jan. 9, 2023).

The ALJ's discussion of the consultants' opinions appropriately addresses the supportability and consistency factors.  Before evaluating the supportability and consistency of the opinions, the ALJ exhaustively catalogued Plaintiff's mental-health treatment history.  Admin. Rec. at 19-30.  The ALJ repeatedly noted Plaintiff's generally normal mental status examinations, her activities of daily living that were inconsistent with her claims of severe impairment, and the improvements in irritability and anxiety that she exhibited when she remained compliant with her medication regimen.  *E.g.*, *id.* at 21-23.  The ALJ then addressed the opinions of Dr. Bolden and Dr. Mylan, both of whom found that Plaintiff is not disabled despite their determination that she has moderate limitations in several areas of functioning.  The ALJ found these consultants' opinions persuasive, determining that that they were "generally consistent with the whole record regarding [Plaintiff's] mental functioning."  *Id.* at 31.  But the ALJ found that the opinions' conclusions regarding Plaintiff's functional limitations were "not fully quantified" and, therefore, restated those opinions in the RFC.  *Id.*

The ALJ then thoroughly addressed Dr. Phillippi's opinion, determining that the opinion was not persuasive because it was based on a single examination and "appear[ed] to have been based excessively on [Plaintiff's] subjective reporting to him about the severity of her symptoms and the extent of her limitations."  *Id.*  The ALJ found that Dr.

Phillippi's opinions are not consistent with the record as a whole and are inconsistent with the mental status examination that Dr. Phillippi performed, which found that Plaintiff's mental status was "generally intact." *Id.*

The ALJ's discussion of the opinion evidence comports with the regulations' requirement that he consider the supportability and consistency of those opinions. *See, e.g.*, *Trosper v. Saul*, No. 1:20-cv-51 DDN, 2021 WL 1857124, at *5 (E.D. Mo. May 10, 2021) (noting that ALJ's discussion of opinion evidence "cannot be read in isolation but must be read as part of the overall discussion" of the RFC); *see also Strongson v. Barnhart*, 261 F.3d 1066, 1072 (8th Cir. 2004) (The court will not set aside the ALJ's opinion "based on an arguable deficiency in opinion-writing technique when it is unlikely it affected the outcome.") (quotation omitted). Plaintiff's contention to the contrary is without merit.

**ORDER**

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Therefore, based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Kilolo Kijakazi's motion for summary judgment, (Dkt. 16), is **GRANTED**.

2. Plaintiff Kristina N.'s motion for judgment, (Dkt. 14), is **DENIED**.

3. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 28, 2023           /s/ *Wilhelmina M. Wright*
                                   Wilhelmina M. Wright
                                   United States District Judge